IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARILYN COBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:08-cv-751-MEF |
| ) | |
| METLIFE ) | (WO) |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This is a civil action in which Plaintiff seeks damages from Defendant insurance company for their alleged wrongful denial of benefits under Defendant's life insurance plan. Arguing that the Plaintiff's life insurance plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, and, therefore, this Court has jurisdiction under the doctrine of complete preemption, Defendant removed this action from the Circuit Court of Montgomery County, Alabama on September 11, 2008. This cause is now before the Court on Plaintiffs' Motion to Remand (Doc. # 9), filed October 21, 2008.

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiff Marilyn Cobb ("Cobb") was an employee of Halla Climate Systems, a subsidiary of Visteon Corporation. Plaintiff purchased a Visteon Life Insurance Plan (the "Plan") while employed at Halla Climate Systems. The Plan provided coverage to Cobb and her dependents. Defendant MetLife Corporation ("MetLife") issued Plaintiff a life

insurance policy under the Plan. The Summary Plan Description for the Plan states that it is governed by ERISA. Plaintiff does not dispute that ERISA governs the Plan.

While Cobb still worked for Halla Climate Systems, her son, Derek Cobb, died. Cobb submitted a claim to MetLife for dependent life insurance benefits under the Plan. In a letter dated July 11, 2007, MetLife denied Cobb's claim because it believed her son did not meet the Plan's definition of a dependent child. MetLife avers that a nineteen-year old child only qualifies as a dependent under the Plan if he is also a full-time student. MetLife further contends that Cobb's nineteen-year old son did not qualify as a dependent because he was not a full-time student.

Cobb filed the Complaint in the Circuit Court for Montgomery County, Alabama on September 11, 2008 for damages arising out of MetLife's failure to approve her claim. At the time Cobb filed her lawsuit, she was no longer employed at Halla Climate Systems. MetLife filed its Notice of Removal in this Court on September 11, 2009. Cobb has moved for remand on the grounds that this Court does not have subject matter jurisdiction because she is not a "participant" within the meaning of 29 U.S.C. § 1002(7).

## II. DISCUSSION

A.   **Motion to Remand**

   1.   **Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092,

1095 (11th Cir. 1994). As such, they may only hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377. The burden of establishing that subject matter jurisdiction exists rests upon the party asserting jurisdiction. *Id.* MetLife, therefore, bears the burden of proving federal jurisdiction in this case. *See, e.g.*, *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). MetLife argues that federal jurisdiction exists in this case because the life insurance plan at issue is governed by ERISA, which it argues completely preempts Cobb's state law claims. *See, e.g.*, *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1211-12 (11th Cir. 1999).

A civil action filed in a state court may be removed to federal court if the claim is one "arising under" federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). In order to determine whether a complaint "arises under" federal law, a court must examine the "well pleaded" allegations of the complaint and ignore potential defenses. *Id.* A suit arises under the Constitution and laws of the United States only when the plaintiffs statement of his own cause of action shows that it is based upon federal law or the Constitution. *Id.* As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim. *Id.* However, a state claim may be removed to federal court under two narrow exceptions to the well pleaded complaint rule: (1) when Congress expressly provides for removal, or (2) when a federal statute wholly displaces the state-law cause of action through complete

preemption.  *Id.* at 8.

The parties do not dispute that ERISA governs the life insurance policy in this case.  Therefore, the doctrine of complete preemption applies.  *See Butero*, 174 F.3d at 1211 ("Superpreemption [or complete preemption] arises from Congress's creation of a comprehensive remedial scheme in 29 U.S.C. § 1132 for loss or denial of employee benefits.").  The only dispute in this case related to the governance of ERISA is whether Cobb is a "participant" within the definition of 29 U.S.C. § 1002(7).

  **2.**  **ERISA**

Cobb claims that she does not qualify as a "participant" under ERISA because she was not a Halla Climate Systems employee at the time she filed this lawsuit.  Therefore, Cobb argues, as a former employee she did not have "a colorable claim to vested benefits."  (Doc. #9, pg. 3).  In particular, Cobb asserts that she is not a "participant" because she is seeking life insurance benefits and not pension or termination benefits.  MetLife contends that Cobb qualifies as a "participant" under ERISA because she alleges an entitlement to plan benefits.

  **a.**  **"Participant" under ERISA**

The only parties that have standing to sue under ERISA are those listed in the civil enforcement provision of ERISA.  29 U.S.C. § 1132(a). The civil enforcement provision provides:

>(a) Persons empowered to bring a civil action
>
>A civil action may be brought
>
>>(1) by a participant or beneficiary -
>>
>>>(A) for the relief provided in subsection (c) of this section, or
>>>
>>>(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan...

29 U.S.C. § 1132(a). Under ERISA, a "participant" is "any employee or *former employee*...who is or may become eligible to receive a benefit of any type from an employee benefit plan." 29 U.S.C. § 1002(7) (emphasis added); *see also Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1241(11th Cir. 2001). The United States Supreme Court held that "the term 'participant' is naturally read to mean either 'employees in, or reasonably expected to be in, currently covered employment' or *former employees* who 'have ... a colorable claim' to vested benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989) (citations omitted) (emphasis added). The Eleventh Circuit has further explained that a former employee who argues that she is entitled to benefits under an ERISA plan is a "participant" within the meaning of 29 U.S.C. § 1002(7). *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1222 (11th Cir. 2008).

Here, Cobb alleges that she was eligible to receive life insurance benefits based on her enrollment in an ERISA plan but that she was denied those benefits by MetLife. If Cobb's allegations are true, she may receive benefits from the life insurance plan to

which she was otherwise entitled.  Thus, based on her allegations, the Court concludes that Cobb was a "participant" in the relevant ERISA plan, even though she is no longer employed at Halla Climate Systems.  Cobb cannot avoid ERISA preemption simply by stating that she brought this lawsuit after her employment ended.[1]  Cobb's Motion to Remand is due to be denied because this Court has subject matter jurisdiction over this case under ERISA.

### III. CONCLUSION

For the reasons set for above, it is hereby ORDERED that

(1) Plaintiff's Motion to Remand (Doc. # 9) is DENIED; and

(2) Plaintiff shall file a response to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. #5) filed on September 16, 2008, by **July 31, 2009**.  Plaintiff's response shall include a brief and any evidentiary materials.

---

[1] Cobb also argues that ERISA's definition of "participant" excludes former employees seeking life insurance benefits and only includes those seeking retirement or termination benefits. This argument is without merit.  The Eleventh Circuit has repeatedly recognized that life insurance policies purchased by employers for an employee's benefit may be covered by ERISA.  *See Liberty Life Assur. Co. of Boston v. Kennedy*, 358 F.3d 1295, 1302 (11th Cir. 2004) (finding that employers may offer life insurance plans which qualify as ERISA employee benefit plans); *Druhan v. Am. Mut. Life*, 166 F.3d 1324, 1325 (11th Cir. 1999) (approving district court's denial of plaintiff's motion to remand because plaintiff claimed benefits under a life insurance policy preempted by ERISA); *Reeve v. Unum Life Ins. Co. of Am.*, 170 Fed. Appx. 108, 109 (11th Cir. 2006) (affirming district court decision where plaintiff alleged denial of benefits under two life insurance policies governed by ERISA); *Adair v. Johnston*, 221 F.R.D. 573, 578 (M.D. Ala. 2007) (finding that a former employee was a "participant" in a life insurance policy funded in part by a former employer).  Here, the parties do not dispute that the plan at issue is governed by ERISA.

(3) Defendant may file a reply brief on or before **August 7, 2009.**

DONE this the 23rd day of July, 2009.

             /s/ Mark E. Fuller
            CHIEF UNITED STATES DISTRICT JUDGE